ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
WADE B. GENTZ (SBN 249793),
wbg@msk.com
EMILY F. EVITT (SBN 261491),
esb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WARNER BROS. ENTERTAINMENT
INC., a Delaware corporation; DISNEY
ENTERPRISES, INC., a Delaware
corporation,

           Plaintiffs,

      v.

TRITON MEDIA, LLC, an Arizona
limited liability company,

           Defendant.

CASE NO. **CV10 6318**
6 W (JEM x)

**COMPLAINT FOR COPYRIGHT
INFRINGEMENT (17 U.S.C. §§ 101,
*ET SEQ.*)**

FILED
10 AUG 24 PM 1:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

COPY

1         Plaintiffs Warner Bros. Entertainment Inc. and Disney Enterprises, Inc.

2   (collectively, "Plaintiffs") for their Complaint against Defendant Triton Media,

3   LLC allege as follows:

4

5                          **NATURE OF THE ACTION**

6         1.    This is a civil action for damages and for injunctive and related relief

7   against Defendant for violations of the United States Copyright Act of 1976, 17

8   U.S.C. §§ 101, *et seq.*  This action arises out of Defendant's infringement of

9   copyrights in numerous motion pictures and other audiovisual works to which

10   Plaintiffs own or control copyright and/or exclusive distribution rights ("Plaintiffs'

11   copyrighted works").

12         2.    Defendant has owned, operated, provided advertising consulting and

13   referrals for, and/or provided other material assistance to the websites www.free-

14   tv-video-online.info, supernovatube.com, donogo.com, watch-movies.net, watch-

15   movies-online.tv, watch-movies-links.net, thepiratecity.org, and havenvideo.com

16   (collectively the "Websites"), whose purpose is to promote, facilitate, and profit

17   from the infringement of Plaintiffs' copyrighted works.  The Websites are for-

18   profit "one-stop-shops" for infringing copies of Plaintiffs' copyrighted works.

19   Specifically, the Websites, have posted, organized, searched for, identified,

20   collected and indexed links to infringing material that is available on third-party

21   websites, otherwise provided access to infringing material, and/or hosted infringing

22   material.  Plaintiffs are informed and believe, and based thereon allege, that

23   Defendant profits from its misconduct by way of the advertisements displayed on

24   the Websites or other websites accessed through the Websites.  Defendant's

25   conduct constitutes copyright infringement.

26         3.    As alleged in detail below, by virtue of its conduct, Defendant violates

27   the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

28

**THE PARTIES**

4.    Plaintiff Warner Bros. Entertainment Inc. ("Warner Bros.") is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business located in Burbank, California.

5.    Plaintiff Disney Enterprises, Inc. ("Disney") is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business located in Burbank, California.

6.    Defendant Triton Media, LLC is a limited liability company with its principal place of business located in Scottsdale, Arizona.

**JURISDICTION AND VENUE**

7.    The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (any act of Congress relating to copyright) and under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

8.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a), and because Defendant, by its infringing activities, intentionally and knowingly caused the damages and other harmful effects complained of herein, which are suffered in the United States and in California, where Plaintiffs have their principle places of  business and which is the heart of the television and motion picture industry.

9.    This Court has personal jurisdiction over Defendant because Defendant has purposefully directed its activities at the United States and at California.  Specifically, Plaintiffs allege that (a) Defendant or its agents are doing or have been doing business continuously in the State of California and this district, (b) a substantial part of the wrongful acts committed by Defendant, have occurred in interstate commerce, in the State of California, and in the Central District of California, and (c) Defendant knows that the damages and other harmful effects of Defendant's infringing activities occur in the United States and primarily

2

in California, where Plaintiffs have their principle places of business and which is the heart of the television and motion picture industry.

## BACKGROUND FACTS
### Plaintiffs' Copyrighted Works

10.     Plaintiffs and certain of their affiliates are producers, distributors, and/or exclusive licensees of motion pictures and television programs in the United States.  Plaintiffs are, among other things, engaged in the business of developing, producing, distributing, and/or licensing to others, the right to copy, distribute, transmit, and exhibit copyrighted motion pictures, television programs and/or other audiovisual works.

11.     Plaintiffs, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms including, without limitation, for exhibition in theaters, through television broadcasts, over the Internet, and through cable and direct-to-home satellite services (including basic, premium, "pay-per-view," and "video on demand" ("VOD") television services).  In addition, Plaintiffs distribute their motion pictures and television programs on digital versatile discs ("DVDs") and other formats, including next generation and high definition discs, by selling them directly or indirectly to the home viewing market or licensing them to others to do so.  Plaintiffs also distribute their copyrighted works, among other ways, through Internet-based streaming and download services and other media or license others to do so.  Plaintiffs also offer streaming video clips of many of their popular television shows and other copyrighted works through their own websites (such as disney.go.com) or through licensees.

12.     Each Plaintiff or its predecessor-in-interest is the owner or exclusive licensee of United States copyrights in a substantial number of motion pictures and/or television programs.  Attached hereto as Exhibit A and incorporated herein

3

1   by reference is an illustrative schedule of some of the motion pictures in which

2   Plaintiffs own the copyright or exclusive distribution and public performance and

3   display right.

4       13.    By way of illustration, Plaintiffs are the owners of United States

5   copyrights or the exclusive distribution and public performance rights in the

6   following motion pictures:  Plaintiff Warner Bros. (*No Reservations*) and Plaintiff

7   Disney (*Ratatouille*).

8       14.    Plaintiffs have registered with the United States Copyright Office

9   their copyrights in the works identified in Paragraph 13 above and in Exhibit A.

10      15.    Plaintiffs and certain of their affiliates have invested (and continue to

11  invest) substantial sums of money and effort each year to develop, produce, and

12  distribute motion pictures and/or television programs protected under copyright

13  and other laws.  Defendant's actions, as described below, infringe Plaintiffs'

14  exclusive rights under the Copyright Act and other laws and diminish the

15  economic value of such rights.

16

17  **Defendant's Unlawful Activities**

18      16.    As alleged hereinabove, Defendant has owned, operated, provided

19  advertising consulting and referrals for, and/or provided other material assistance

20  to the websites located at www.free-tv-video-online.info, supernovatube.com,

21  donogo.com, watch-movies.net, watch-movies-online.tv, watch-movies-links.net,

22  havenvideo.com and thepiratecity.org (collectively "the Websites").  The primary

23  purpose of the Websites is to provide to their users access to content that has been

24  unlawfully reproduced, distributed, publicly performed, and/or publicly displayed.

25  The Websites facilitate the ability of their users to have access, on demand, to

26  copyrighted movies and other audiovisual works that have been unlawfully

27  reproduced, distributed, publicly performed, and/or publicly displayed in violation

28  of Plaintiffs' copyrights.

17.     The Websites are one-stop shops for infringing material.  Specifically, the Websites provide or have provided links to infringing content available on third-party websites, provide or have provided access to infringing material, and/or host or have hosted infringing material.  Most, if not all, of the content indexed on and/or available via the Websites is infringing, unauthorized copyrighted content, including Plaintiffs' copyrighted works.

18.     The Free-tv-video-online homepage has a list of "popular online movie links" and "popular online tv-show links."  The Website also contains a search engine which enables users to find the infringing motion picture of their choice.  The "Movies" webpage features an index of links to hundreds of infringing motion pictures organized alphabetically.  Among these titles are works that are currently being exhibited in movie theaters.

19.     To watch an infringing copy of a work using the Free-tv-video-online website, the user clicks on the title of a particular infringing work from Free-tv-video-online's index.  The user is automatically taken to a third party user-generated content webpage on which the work is automatically displayed and performed *via* a video player.

20.     Plaintiffs are informed and believe, and based thereon allege, that the Free-tv-video-online website identifies, selects, posts, and organizes links to third-party websites containing infringing content.  Plaintiffs are informed and believe, and based thereon allege, that Defendant materially contributed to the Free-tv-video-online website, including but not limited to, by advising on how the website could increase its advertising revenue and by providing advertising referrals.

21.     Most, if not all, of the content available for streaming through Free-tv-video-online is infringing copyrighted video content, including Plaintiffs' copyrighted works.  Furthermore, Defendant knows and intends that the Free-tv-video-online website consist of links to unauthorized infringing copies of copyrighted works, including Plaintiffs' copyrighted works.  The fundamental

1   purpose of Free-tv-video-online is to further the illegal dissemination and to

2   contribute to the illegal dissemination of infringing works.  Plaintiffs are informed

3   and believed, and based thereon allege that Defendant provided consulting and

4   referral services regarding advertising for Free-tv-video-online.

5        22.   Supernovatube.com is a video-hosting website.  Plaintiffs are

6   informed, believe, and based thereon allege, that Defendant materially contributes

7   to and/or induces the reproduction, distribution, public performance and/or public

8   display of a large number of videos, including unauthorized infringing copies of

9   copyrighted works, on or via Supernovatube.  Supernovatube is widely used by

10  FreeTV and other infringing link sites because the infringing copies of Plaintiffs'

11  copyrighted works cannot be browsed or searched on the site and can only be

12  viewed or accessed through a linking site.  Plaintiffs are informed and believe that

13  Supernovatube has a close partnership with FreeTV.  Plaintiffs are informed and

14  believed, and based thereon allege that Defendant provided consulting and referral

15  services regarding advertising for Supernovatube.

16       23.   Donogo was a high-definition video hosting website created and

17  operated by Defendant.  Plaintiffs are informed, believe, and based thereon allege

18  that Defendant materially contributed to and/or induced the reproduction,

19  distribution, public performance and/or public display of unauthorized infringing

20  copies of copyrighted works on or via Donogo, including but not limited to, divx

21  videos previously hosted by Supernovatube.

22       24.   Watch-movies.net featured an index of links to infringing motion

23  pictures and various categories of infringing motion pictures, including "New

24  releases" and "Genres."  Additionally, Watch-movies.net had a search engine

25  which allowed users to quickly find the motion picture they would like to watch.

26  The Watch-movies.net website contained links to thousands of motion pictures,

27  including hundreds of recently released motion pictures.  The website, Watch-

28  movies-links.net and the later created website Watch-movies-online.tv featured

1   substantially the same organization, graphics, layout, functionality, and content as
2   the website Watch-movies.net, with additional links to copyrighted motion pictures
3   and other audiovisual works.  Plaintiffs are informed, believed, and based thereon
4   allege that Defendant performed consulting and referral services regarding
5   advertising for Watch-movies.net, Watch-movies-links.net, and Watch-movies-
6   online.tv.

7        25.    Havenvideo.com is an online video website which identifies, selects,
8   posts, and organizes links to third-party websites containing infringing content
9   and/or providing access to infringing content and prominently features links to
10  various blatantly infringing "video host sites" and "video link sites."  Plaintiffs are
11  informed, believe, and based thereon allege that  Defendant materially contributed
12  to and/or induced the reproduction, distribution, public performance and/or public
13  display of unauthorized infringing copies of copyrighted works via
14  Havenvideo.com, including but not limited to by way of posting links to infringing
15  third party websites and exchanging files or other information with individual users
16  known to be involved in the infringement of copyrighted material.

17       26.    Plaintiffs are informed, believe, and based thereon allege, that the
18  website Thepiratecity.org, identifies, selects, posts, and organizes links to third-
19  party websites containing infringing content.  The homepage of ThePiratecity.org
20  features reduced-size images of movie posters for twenty (20) new release films.
21  Upon clicking one of these icons, the user is redirected to a series of links to his
22  selected motion picture.  Each link also lists the percentage of users who reported it
23  to be working.  Additionally, Thepiratecity.org allows users to search for particular
24  movies and provides listings by genre and alphabetically.  Plaintiffs are informed,
25  believe, and based thereon, allege that Defendant performed consulting and referral
26  services regarding advertising for Thepiratecity.org.

27       27.    By virtue of the conduct alleged hereinabove, Defendant knowingly
28  promotes, participates in, facilitates, assists, enables, materially contributes to,

7

1   encourages, and induces copyright infringement, and thereby has secondarily

2   infringed the copyrights in Plaintiffs' copyrighted works, including but not limited

3   to those listed in Exhibit A attached to this Complaint.

4          28.    On December 17, 2008, Plaintiffs gave notice to Defendant that the

5   Free-tv-video-online website infringes Plaintiffs' copyrights, specifically

6   identifying numerous examples of copyrighted works on Free-tv-video-online that

7   are owned or controlled by Plaintiffs and that are being infringed by the Free-tv-

8   video-online website.  Plaintiffs demanded Defendant immediately cease the

9   infringement and take steps to ensure that the website does not infringe upon the

10  copyrights of Plaintiffs' copyrighted works in the future.  Defendant, however,

11  ignored Plaintiffs' notice, failing either to remove the links to Plaintiffs'

12  copyrighted works from the Free-tv-video-online website or to take steps to ensure

13  that the website does not infringe upon the copyrights of Plaintiffs' copyrighted

14  works in the future.

15         29.    No Plaintiff has granted any license, permission, authorization, or

16  consent to Defendant to use or exploit any of Plaintiffs' copyrighted works.

17  Instead, in violation of Plaintiffs' rights under copyright law, Defendant has

18  willfully, intentionally, and knowingly facilitated, enabled, induced, and materially

19  contributed to infringing uses thereof.

20         30.    Defendant's conduct causes substantial harm to Plaintiffs and to their

21  intellectual property.  Among other things, Defendant's conduct interferes with the

22  continued growth and development of numerous emerging legitimate services

23  offering consumers a means to obtain and view copies of audiovisual works on the

24  Internet and through other channels of distribution.

25

26

27

28

8

# FIRST CLAIM FOR RELIEF

## (Contributory Copyright Infringement)

### 17 U.S.C. §§ 101, *et seq.*

31.     Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 30, inclusive, as though fully set forth herein.

32.     Plaintiffs own the United States copyrights or the pertinent exclusive rights, including without limitation the reproduction, distribution, public performance, and public display rights, in and to the copyrighted works listed in Paragraph 13 and in Exhibit A, as well as many other motion pictures and other audiovisual works.

33.     Plaintiffs (or their predecessors) have obtained copyright registration and/or preregistration certificates for each work listed in Exhibit A.  In doing so, Plaintiffs have complied in all respects with 17 U.S.C. §§ 101, *et seq.*, the statutory deposit and registration requirements thereof, and all other laws governing federal copyrights.

34.     By virtue of the availability of infringing copies of Plaintiffs' copyrighted works on third-party websites, Plaintiffs' exclusive rights of reproduction, distribution, public performance, and public display have been infringed in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knows or have reason to know of the aforesaid infringement of Plaintiffs' copyrighted works, and Defendant materially contributes to and furthers such infringement.  The infringement of Plaintiffs' copyrighted works on the Websites is open and notorious.  Furthermore, the purpose and function of the Websites is the illegal dissemination of Plaintiffs' copyrighted works. Plaintiffs' copyrighted works are well-known and recognizable, and even a cursory review of the Websites reveals that they provide access to numerous infringing copies of Plaintiffs' copyrighted motions pictures.

9

36.    Moreover, while unnecessary to establish Defendant's knowledge of the blatant and extensive infringement promoted by their website, Plaintiffs provided Defendant with written notice of the infringement of Plaintiffs' copyrighted works occurring via the Free-tv-video-online website.  Defendant failed to halt its infringing activities.

37.    By enabling, causing, facilitating, materially contributing to, and encouraging the unauthorized reproduction, distribution, public performance, and public display, of unauthorized copying of Plaintiffs' copyrighted works (including the works listed in Exhibit A) in the manner described above, with full knowledge of the illegality of such conduct, Defendant has contributed to and induced a vast number of copyright infringements, including infringements of Plaintiffs' copyrighted works, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

38.    The unauthorized reproduction, distribution, public performance, and public display of Plaintiffs' copyrighted works that Defendant enables, causes, materially contributes to, and encourages through the acts described above are without Plaintiffs' consent and are not otherwise permissible under the Copyright Act.

39.    Plaintiffs are informed and believe, and based thereon allege, that the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' copyrights and exclusive rights under copyright.

40.    As a direct and proximate result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs have sustained and will continue to sustain actual damage.  Plaintiffs are entitled to their actual damages plus Defendant's profits from infringement of Plaintiffs' copyrighted works, as will be proven at trial.  Alternatively, at Plaintiffs' election, Plaintiffs are entitled to the maximum statutory damages as permitted by federal copyright law.

1       41.   Defendant's acts have caused and continue to cause substantial

2   irreparable harm to Plaintiffs.  Unless Defendant is enjoined from engaging in its

3   wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for

4   which they have no adequate remedy at law.

5       42.   Plaintiffs are entitled to their attorneys' fees and full costs pursuant to

6   17 U.S.C. § 505.

7   **SECOND CLAIM FOR RELIEF**

8   **(Inducement of Copyright Infringement)**

9   **17 U.S.C. §§ 101, *et seq.***

10      43.   Plaintiffs incorporate by reference each and every allegation set forth

11  in Paragraphs 1 through 30 and 32 through 34, inclusive, as though fully set forth

12  herein.

13      44.   Defendant is liable under the Copyright Act for inducing and

14  encouraging the acts of direct copyright infringement hereinabove alleged.

15  Defendant operates and/or advises the Websites with the object of promoting the

16  use of the Websites to infringe Plaintiffs' copyrights, evidenced by Defendant's

17  clear expression and/or other affirmative steps taken to foster infringement.

18      45.   Defendant's unlawful objective to promote infringement is

19  demonstrated by numerous indicia including, without limitation, its operation of

20  and/or contribution to websites that are almost exclusively devoted to the

21  infringement of copyrighted works, take affirmative steps to build a vast virtual

22  library of links to infringing copies of Plaintiffs' works, satisfy a source of demand

23  for copyright infringement, fail to develop or employ any tools or other

24  mechanisms to diminish infringement, and incorporate a business model which

25  uses infringing content to attract a high volume of visitors to the sites for the

26  purpose of selling advertising.

27      46.   Defendant's acts constitute inducement of copyright infringement in

28  violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

11

47.    Plaintiffs are informed and believe, and based thereon allege, that the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' copyrights and exclusive rights under copyright.

48.    As a direct and proximate result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs have sustained and will continue to sustain actual damage.  Plaintiffs are entitled to their actual damages plus Defendant's profits from infringement of Plaintiffs' copyrighted works, as will be proven at trial.  Alternatively, at Plaintiffs' election, Plaintiffs are entitled to the maximum statutory damages as permitted by federal copyright law.

49.    Defendant's acts have caused and continue to cause substantial irreparable harm to Plaintiffs.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

50.    Plaintiffs are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in their favor and against Defendant, as follows:

(a)    adjudge and declare that Defendant's activities constitute contributory copyright infringement and inducement of copyright infringement, respectively;

(b)    preliminary and permanently enjoin, pursuant to 17 U.S.C. § 502, Defendant and its officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all those acting directly or indirectly in concert or participation with any of them, from contributorily infringing by any means and/or inducing copyright infringement by any means of the exclusive rights of

12

1    Plaintiffs and their affiliates under the Copyright Act, including, but not limited to,

2    any of Plaintiffs' and Plaintiffs' affiliates' rights in any of the copyrighted works

3    listed in Exhibit A;

4         (c)    award damages that Plaintiffs have sustained or will sustain by reason

5    of Defendant's copyright infringement and all profits derived by Defendant from

6    such conduct, or in lieu thereof, should Plaintiffs so elect, such statutory damages

7    as the Court shall deem proper as provided in 17 U.S.C. § 504(c), including

8    damages for willful infringement for each act of copyright infringement;

9         (d)    preliminary and permanently enjoin Defendant and its officers, agents,

10   servants, employees, successors, licensees, partners, and assigns, and all those

11   acting directly or indirectly in concert or participation with any of them, from

12   doing the following, whether through the Websites, or any related website

13   (whether or not the website or the said acts occur in the United States or

14   elsewhere):

15        i)    posting, organizing, selecting, searching for, identifying, collecting

16              and indexing links to unauthorized copies of the works listed in

17              Exhibit A and other works of which the Plaintiffs are the owners of

18              the copyrights or to whom an interest in the copyright has been

19              granted by exclusive license, and providing or enabling use or

20              access to such works to persons located in the United States;

21        ii)   authorizing, inducing, encouraging, aiding or abetting, or materially

22              contributing to the unauthorized streaming, copying, and

23              transmission of streams and copies in or to the public, in the United

24              States, of the works listed in Exhibit A and other works of which

25              the Plaintiffs are the owners of the copyrights or to whom an

26              interest in the copyrights has been granted by license including by

27              exclusive license;

28

13

1        iii)    authorizing, inducing, encouraging, aiding or abetting, or materially

2                contributing to the unauthorized reproduction, distribution,

3                publication, performance in public, communication to the public,

4                and public display, in the United States, of copies of the works

5                listed in Exhibit A and other works of which the Plaintiffs are the

6                owners of the copyrights or to whom an interest in the copyrights

7                has been granted by license including by exclusive license;

8      (e)    award Plaintiffs' costs and reasonable attorneys' fees in accordance

9 with 17 U.S.C. § 505;

10     (f)    award Plaintiffs pre-judgment and post-judgment interest according to

11 law; and

12     (g)    award Plaintiffs such further and additional relief as the Court may

13 deem just and proper.

14 DATED: August 23, 2010        ROBERT H. ROTSTEIN

15                          WADE B. GENTZ

16                          EMILY F. EVITT
                             MITCHELL SILBERBERG & KNUPP LLP

17

18                          By: _____

19                             Robert H. Rotstein
                             Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7                                    EXHIBIT A
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## Exhibit A

2

| Title | Owner | Reg. No. |
|---|---|---|
| *Bucket List, The* | Warner Bros. Entertainment Inc. | PA1-594-788 |
| *Fool's Gold* | Warner Bros. Entertainment Inc. | PA1-569-069 |
| *Fred Claus* | Warner Bros. Entertainment Inc. | PA1-592-290 |
| *License To Wed* | WV Films III LLC | PA1-355-566 |
| *No Reservations* | WV Films III LLC | PA1-589-443 |
| *Smallville - Season 1, Episode 15* | Warner Bros. Television, a div. of Time Warner Ent. Co. L.P. | PA1-110-425 |
| *College Road Trip* | Disney Enterprises, Inc. | PA1-597-791 |
| *Pirates Of The Caribbean: At World's End* | Disney Enterprises, Inc. | PA1-334-112 |
| *Ratatouille* | Disney Enterprises, Inc. & Pixar | PA1-354-935 |

Ex. A, pg 16

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 6318 GW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation | TRITON MEDIA, LLC, an Arizona limited liability company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ROBERT H. ROTSTEIN (SBN 72452)<br>WADE B. GENTZ (SBN 249793)<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
COPYRIGHT INFRINGEMENT (17 U.S.C. SECTIONS 101, ET SEQ.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities – Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 6318

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV 08-8484

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date  August 24, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com