ROBERT H. ROTSTEIN (SBN 72452)
rxr@msk.com
EMILY F. EVITT (SBN 261491)
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> TRITON MEDIA LLC, an Arizona corporation, <br><br> Defendant. | CASE NO. CV 10-6318-GW (JEMx) <br><br> The Honorable George H. Wu <br><br> **[PROPOSED] CONSENT JUDGMENT** |

Mitchell
Silberberg &
Knupp LLP

3041094.1

Plaintiffs Warner Bros. Entertainment, Inc. and Disney Enterprises, Inc. (collectively, "Plaintiffs"), and Defendant Triton Media LLC ("Defendant"), having entered into a Stipulation for Entry of Judgment and the Court having entered an Order thereon,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.       Plaintiffs allege that Defendant has engaged in contributory copyright infringement and inducement of copyright infringement by owning, operating, providing advertising consulting and referrals for, and/or providing other material assistance to the websites www.free-tv-video-online.info, supernovatube.com, donogo.com, watch-movies.net, watch-movies-online.tv, watch-movies-links.net, thepiratecity.org, and havenvideo.com (collectively the "Websites")  The Websites among other things, assist, enable, promote, facilitate, induce, and profit from the infringement of Plaintiffs' copyrighted motion pictures and television programs by posting, organizing, and indexing links to infringing video content that is available on third-party websites and/or by hosting infringing content.

2.       Defendant denies any liability or wrongdoing.

3.       Defendant is liable for damages to Plaintiffs in the amount of Four Hundred Thousand Dollars ($400,000).

4.       Defendant and all persons acting by, through or in concert with Defendant (collectively, "Defendant"):

A.       shall immediately and permanently cease and desist from operating the Websites, except as otherwise provided for in Paragraph 6;

B.       shall immediately and permanently cease and desist from operating any website that is substantially similar to the Websites; and

C.       shall immediately and permanently cease and desist from (i) directly, indirectly, contributorily, or vicariously infringing in any manner, or (ii)

enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, authorizing, aiding or abetting, materially contributing to, or persuading anyone to infringe in any matter, any copyright in any motion picture, television program, or other copyrighted work (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, or affiliates) owns or controls an exclusive right under either Section 106 of the United States Copyright Act (17 U.S.C. § 106) or the copyright laws of any other country or territory, or any exclusive license thereto (the "Copyrighted Works"), including, but not limited to, engaging in any of the following without express written authority or license from the appropriate Plaintiff:

    1.    copying, reproducing, downloading, distributing, uploading, or linking to, any of the Copyrighted Works;

    2.    transmitting, streaming, performing in public, or communicating to the public by telecommunication, any of the Copyrighted Works;

    3.    enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, stream, perform in public, or communicate to the public by telecommunication or publicly perform any of the Copyrighted Works;

    4.    profiting or benefiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of the Copyrighted Works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or streaming, performing in

Mitchell
Silberberg &
Knupp LLP
3041094.1

2

1     public, or communicating to the public by telecommunication

2     any of the Copyrighted Works; and/or

3     5.     Participating in any affiliate marketing or advertising program

4     regarding, or participating in any similar program designed to

5     drive or refer user traffic to or increase revenues to, including

6     but not limited to acting as an advertising broker for, any

7     Internet website that enables, facilitates, permits, assists,

8     solicits, encourages, abets, promotes, profits from, or induces

9     the copying, reproduction, downloading, distributing, uploading,

10    linking to, transmitting, or public performance of any of the

11    Copyrighted Works.

12    D.     if necessary, shall cease to operate or assist in the operation of, and

13    will not profit or benefit from, any website known or suspected by

14    Defendant to be engaging in, authorizing, inducing, encouraging, aiding or

15    abetting, or materially contributing to infringement of any of the

16    Copyrighted Works;

17    E.     shall not operate or, provide links to, assist or participate in any way

18    in the operation of, or in any way profit or benefit from, any website that

19    enables, facilitates, permits, assists, solicits, encourages, abets, or induces

20    the copying, reproduction, downloading, distributing, uploading, linking to,

21    transmitting, or public performance of any of the Copyrighted Works,

22    unless and until Defendant has obtained all necessary prior written authority

23    or license for such Copyrighted Works from the appropriate Plaintiff.

24    5.     Any company or entity that Defendant owns or operates in the future

25    shall also comply with the provisions of this Consent Judgment.

26    6.     This injunction shall not apply to any Copyrighted Works for which

27    Defendant has obtained an appropriate written license from the Plaintiff that owns

28    or controls the rights to such work.

Mitchell
Silberberg &
Knupp LLP
3041094.1

3

7.      Defendant shall destroy all digital files representing any Copyrighted Works that are currently in its possession, custody, or control, except for Copyrighted Works for which Defendant has obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work, to the extent such license remains in force and valid. Defendant shall provide Plaintiffs with a sworn statement within five days after the entry of the Consent Judgment certifying its compliance with this provision.

8.      Absent the prior written consent of Plaintiffs or their designee, Defendant shall not publicly release, distribute, sell, transfer or give away, for consideration or otherwise, any software, source code, object code, technology, domain name(s), trademark(s), brand(s), goodwill or any other property of any kind, in whole or in part, which is in any way related to the Websites, including without limitation, by posting such materials on an internet web page or by offering such materials over any peer-to-peer or file-trading network or any other medium.

9.      Defendant irrevocably and fully waives notice of entry of the Consent Judgment and notice and service of the entered Consent Judgment and understands, confirms, and agrees that violation of the Consent Judgment will expose Defendant to all penalties provided by law, including contempt of Court.

10.      Defendant irrevocably and fully waives any and all rights to appeal the Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

11.      The Court finds that the acts giving rise to the claims in Plaintiffs' Complaint constitute willful and malicious injury to Plaintiffs and/or the property of Plaintiffs within the meaning of 11 U.S.C. § 523(a)(6) and 17 U.S.C. § 504(c)(2). The Court further finds that the damages of Four Hundred Thousand Dollars ($400,000) awarded hereunder arise from the acts giving rise to the claims

asserted in the Complaint, and accordingly, the damages awarded hereunder are in their entirety non-dischargeable as a debt arising from willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

12. Nothing contained in the Consent Judgment shall limit the right of Plaintiffs to seek relief, including without limitation, damages, for any and all infringements by Defendant of the Copyrighted Works occurring after the date Defendant executes the Stipulation for Entry of Judgment.

13. This Consent Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

14. The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Consent Judgment against Defendant.

15. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Judgment.

Dated: _____, 2010

_____
The Honorable George H. Wu
United States District Judge

Submitted by:

DATED: October 19, 2010

ROBERT H. ROTSTEIN
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: _/s/ Robert H. Rotstein_
Robert H. Rotstein
Attorneys for Plaintiffs

Mitchell
Silberberg &
Knupp LLP

3041094.1

5